UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL 102 WELFARE, PENSION, ANNUITY AND JOINT APPRENTICESHIP TRAINING FUNDS AND THEIR BOARDS OF TRUSTEES, and the IBEW LOCAL 102 DISTRIBUTION FUND, and IBEW LOCAL UNION NO. 102,<br><br>            Plaintiffs,<br><br>v.<br><br>BCG SOLAR, LLC, et al.,<br><br>            Defendants. | Civ. No. 13-cv-4473 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      This matter comes before the Court on the unopposed motions of Plaintiffs IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds and their Boards of Trustees, IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund for and on behalf of its Trustees, and IBEW Local Union No. 102 (collectively, "IBEW") for default judgment against Defendants BCG Solar, LLC ("BCG") and BAM Construction Group, LLC ("BAM"). For the reasons set forth below, I will enter default judgment against BCG but not against BAM. IBEW is awarded $95,356.85, comprising (i) $64,043.29 in outstanding fees; (ii) liquidated damages of $23,808.66; and (iii) $7,504.90 in attorneys' fees and costs. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

**BACKGROUND**

      Plaintiff IBEW Local 102 is an unincorporated labor organization. Plaintiffs IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship

1

Training Funds are trusts established pursuant to the National Labor Relations Act and Employment Retirement Income Security Act ("ERISA"). Plaintiff IBEW Local 102 Distribution Fund sues as a collection agent for the National Electrical Benefit Fund. (Compl.[1] ¶¶ 1–2, Dkt. No. 8)

Defendant BCG employs electrical contractors represented by IBEW Local 102 and is bound by the current collective bargaining agreement between that union and the National Electrical Contractors Association. (*Id.* at ¶3) Defendant BCG is a subsidiary of BAM. (*Id.* at ¶7)[2]

The Collective Bargaining Agreement between IBEW Local 102 and the Highlands Division of the Northern New Jersey Chapter, Inc., National Electrical Contractors Association, Inc. ("CBA") by its terms applies to all firms which sign a Letter of Assent. (Dkt. No. 18-2, p. 1) BCG signed such a Letter of Assent, thereby agreeing to comply with all provisions of the Collective Bargaining Agreement. (Dkt. No. 22-1) Under Article VIII of the CBA, all employers are required to make monthly payments into welfare, pension, and annuity funds, among others. (*See* CBA pp. 35–37 (Dkt. Nos. 21-1, 22-2)) These payments represent percentages of gross labor payroll for each employee under the jurisdiction of the CBA: 25% of gross labor payroll for the welfare fund, 15% for the pension fund, and 11% for the annuity fund. (*Id.*) Monthly employer contributions are due by the fifteenth day of the next calendar month. (*Id.* p. 38) The CBA also provides that the funds will be administered in accordance with the Agreement and Declaration of Trust ("Trust Agreement"). (*Id.* p. 37) If an employer fails to make the required payments, the CBA

---

[1]  "Compl." refers to the Second Amended Complaint filed November 12, 2013. (Dkt. No. 8)

[2]  The other defendants in this action include First Fidelity Lending Corp. ("First Fidelity"), Alex Xavier, the chief operating officer of First Fidelity, Linda Garrahan, a vice president of First Fidelity, and unknown defendants who allegedly acted with First Fidelity and the executive officers. (Compl. ¶¶ 4–6, 8) By Order dated May 13, 2014, IBEW was granted an extension of time of thirty days to serve the Summons and Second Amended Complaint on all defendants. (Dkt. No. 12) No summons has ever been returned executed as to First Fidelity, Xavier, or Garrahan, and the unknown defendants have not been further identified. Thus the Court will dismiss the Second Amended Complaint as against First Fidelity, Alex Xavier, Linda Garrahan, and all unknown defendants without prejudice pursuant to Fed. R. Civ. P. 4(m).

authorizes the trustees to bring an action on behalf of the plan pursuant to Sections 502(g)(2) and 515 of ERISA. (*Id.* p. 38)

Under the Employee Retirement Income Security Program, *see* 29 U.S.C. § 1145, an employer who is party to a collective bargaining agreement is required to make payments pursuant to the terms of that agreement. (Compl. at ¶¶ 11, 18) In May 2013, an audit revealed that between February 1, 2013, and April 30, 2013, BCG failed to make required payments to the IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds in the amount of $119,043.29. (*Id.* at ¶ 14, 20, 29) IBEW demanded payment from BCG, but BCG refused. (*Id.* at ¶¶ 30–31)

On July 24, 2013, IBEW filed its complaint in this action. (Dkt. No. 1) An Amended Complaint was filed on August 6, 2013 (Dkt. No. 3), and the Second Amended Complaint was filed on November 12, 2013 (Dkt. No. 8). Between September 1, 2013 and December 31, 2013, BCG sent four checks, totaling $55,000, to IBEW's counsel. (Hott Cert.[3] ¶ 5) This amount was credited against BCG's unpaid obligations. (*Id.*) BCG has not made any other payments against the remaining outstanding balance of $64,043.29. (*Id.* at ¶¶ 6–8)

BCG and BAM, though duly served, never answered the complaint, the amended complaint, or the second amended complaint. (Dkt. No. 13) On August 4 and 11, 2015, the clerk entered default against BCG and BAM, respectively. On August 11, 2014, IBEW filed this motion for a default judgment against BCG and BAM. IBEW seeks (i) $ 64,043.29 in remaining principal balance due on the unpaid contributions; (ii) interest on the unpaid contributions totaling $5,191.87; (iii) liquidated damages of $23,808.66; (iv) $6,000.00 in attorney's fees; and (v) $1,504.90 in costs, for a requested award of $100,548.72. (Hott Cert. ¶ 10)

---

[3] "Hott Cert." refers to the Amended, Corrected, and Updated Certification of Timothy R. Hott, Esq., In Support of Motion for Entry of Judgment as to Defendant BCG Solar, LLC dated October 8, 2015, Dkt. No. 23-1. An identical certification was filed the same day with respect to BAM. (Dkt. No. 23-2)

3

## LEGAL STANDARD AND DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### I.   Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Service of a corporate entity, such as BCG or BAM, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law states in relevant part that service on a corporation may be made

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

If, despite diligent efforts, personal service cannot be made in accordance with N.J. Ct. R. 4:4-4(a)(1), *in personam* jurisdiction may nevertheless be obtained over any defendant by substituted or constructive service, in accordance with N.J. Ct. R. 4:4-4(b)(1)(C), by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2) and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(3).

Here, the prerequisites for default judgment have been met. The currently operative complaint, the Second Amended Complaint, was filed on November 12, 2013. (Dkt. No. 8) BCG's registered agent was personally served with the Summons and a copy of the Second Amended Complaint on June 13, 2014. (Dkt. No. 13; Hott Cert. ¶ 3) On that same date, a principal of BAM was personally served with the Summons and a copy of the Second Amended Complaint. (Dkt. No. 23-2 ¶ 3) Defendants had twenty-one days (until July 7, 2014) to file an answer or otherwise respond to the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(a). The clerk entered default against BCG on August 4, 2014 and against BAM on August 11, 2014. (Dkt. Nos. 14, 16) Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## II.  Three Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

### a. Factor 1

The evaluation of the first factor is complicated, of course, by BCG and BAM's failure to answer or to oppose this motion. My independent review of the record, however, does not suggest that the claims asserted by IBEW against BCG are legally flawed or that BCG could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that

6

IBEW Local 102 has successfully stated claims for relief as against BCG. With regard to BAM, however, I find that there is a meritorious defense.

The complaint alleges that BCG violated ERISA and the Labor Management Relations Act of 1947 ("LMRA"), and that BAM is liable for BCG's delinquent contributions. ERISA requires employers who make contributions under a collective bargaining agreement to do so in accordance with the terms of that agreement. *See* 29 U.S.C § 1145. The LMRA allows a court to hear "suits for violation of contracts between an employer and a labor organization." 20 U.S.C. § 185(a). IBEW alleges that BCG was bound by the CBA and related trust agreements and was required to make monthly contributions to various benefits funds based upon BCG's gross labor payroll. (Compl. ¶¶ 3, 11, 13, 18; *see also* CBA p. 35–38) IBEW has provided documentation that BCG was bound by the CBA pursuant to a Letter of Assent signed by BCG on March 14, 2012. (Dkt. No. 22-1) IBEW has also submitted the CBA and related Trust Agreement, pursuant to which BCG was obligated to make the alleged payments. (Dkt. Nos. 19-1, 21-1, 22-2) IBEW alleges that BCG failed to make those required payments between February 1, 2013 and April 30, 2013. (Compl. ¶¶ 14, 20, 29–31) Nothing in the documents before the Court suggests that BCG possesses a meritorious defense.

As to BAM, however, the situation is different. The complaint alleges that BAM is a group of commonly owned companies, including BCG, and is therefore liable for BCG's delinquent contributions under the "single employer" doctrine. (Compl. ¶¶ 52, 56) The "single employer" doctrine dictates that "two nominally independent enterprises will be treated as one integrated enterprise for purposes of liability." *Operative Plasterers & Cement Masons Int'l Ass'n Local 8 v. AGJ Const., LLC*, 2009 WL 2243900, at *4 (D.N.J. July 24, 2009) (citing *NLRB v. Browning-Ferris Indus. of PA, Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982). The factors used to determine whether entities should be treated as a single employer include "interrelation of operations, common management, centralized control of labor relations and common ownership." *Id.*

7

The uncontested allegations here are that BAM consists of a group of businesses of which BCG is a member, that all of the allegedly common businesses have the same business address, and that one individual is a principal of both companies. (Compl. ¶¶ 53–54) These allegations, taken as true and construed in plaintiffs' favor, nevertheless do not set forth a basis to treat BAM and BCG as a single employer. True, sharing the same business address or the same individual as principal might be indicia of common management. Nevertheless, I cannot find that those facts alone dictate single employer status. Thus I find that BAM, unlike BCG, has a meritorious defense.

### b. Factors 2 and 3

The second and third factors weigh in favor of default. BCG and BAM were properly served on June 13, 2014, but have failed to appear and defend themselves in any manner. It is clear that IBEW has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiffs] will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case, "there is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment against BCG, and I will grant the motion for default judgment as against BCG. Because IBEW has failed to sufficiently allege that BCG and BAM are a single employer, I will deny the motion as to BAM. The remainder of the discussion applies to BCG only.

### III. Remedies

IBEW seeks four types of compensation, totaling $101,805.05. (*See* Hott Cert. ¶ 11) Specifically, IBEW seeks (1) $ 64,043.29 in remaining principal balance due on the unpaid contributions; (2) interest on the unpaid contributions totaling $5,191.87; (3) $ 23,808.66 in liquidated damages; and (4) $7,504.90 for attorneys' fees and costs. (*See* Hott Cert. ¶ 10)

IBEW has submitted documentary evidence in support of its demands, while BCG has submitted nothing and has failed to appear or respond in any manner. An *ex parte* hearing would thus serve little additional purpose, so I rule based on the record before me.

I will grant IBEW's request for the principal amount due, as set forth in Section 8.08(c) of the Collective Bargaining Agreement. (CBA p. 39) IBEW has documented delinquent benefit contributions from February 1, 2013 to April 30, 2013 in the amount of $119,042.29. BCG paid $55,000 between September and December 2013, leaving a balance owing of $64,043.29. (Hott Cert. ¶ 10)

IBEW has requested interest, as well as liquidated damages in the amount of 20% of the unpaid contributions pursuant to 29 U.S.C. 1132(g)(2). (*See* Hott Cert. ¶ 10(e)) Here, I believe that interest and liquidated damages are best viewed as alternative, not cumulative, remedies: a court shall award "an amount equal to *the greater of* – (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. 1132(g)(2)(C) (emphasis added). At any rate, I would find, within my discretion, that an award of both would be unfairly cumulative under the circumstances. The Trust Agreement here provides for "liquidated

9

damages equal to 20% of the unpaid contributions." (Dkt. No. 19-1 p. 16) That liquidated damages figure—20% of $119,042.29—equals $23,808.66. Because that liquidated damages figure is certainly greater than the interest on the unpaid balance,[4] I will award IBEW liquidated damages of $23,808.66, in lieu of interest.

As to attorneys' fees and costs, I adopt IBEW's analysis. IBEW has adequately documented its attorneys' fees, which do not seem unreasonable or disproportionate. (*See* CBA § 8.08(c) (giving prevailing party the right to recover "reasonable attorneys' fees and costs"); Hott Cert. of Attorney's Fees dated Aug. 8, 2014, Dkt. Nos. 16-3, 17-3 ¶ 2 (detailing fees); Hott Cert. ¶ 10 (detailing costs)). I will enter a judgment that includes $6,000 in attorneys' fees and $1,504.90 in costs, for a total of $7,504.90.

The total judgment awarded is, therefore, $95,356.85. Post-judgment per diem interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

---

[4]   IBEW advocates an interest rate of 5%, which is actually the higher of two potentially applicable rates. *Compare* CBA, Dkt. No. 21-1, p. 39 (interest on unpaid contributions should be at "the rate of the prime interest rate," which was 3.25% during the relevant time), *with* Trust Agreement, Dkt. No. 19-1, p. 16 ("interest on [the] unpaid contributions at the rate prescribed under Section 6621 of the Internal Revenue Code of 1954," *i.e.*, the federal short-term rate plus 3 percentage points, or 5 percentage points for certain large delinquencies). IBEW calculates an interest figure of $5,191.87 (*see* Hott Cert. ¶ 10(d)); that figure does not approach the liquidated damages figure.

10

## CONCLUSION

For the foregoing reasons, the motion is granted as to defendant BCG, and a default judgment will be entered against defendant BCG and in favor of plaintiff IBEW in the total amount of $95,356.85, with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961. The motion for a default judgment as against BAM is denied.

An appropriate order and judgment will issue.

_____
KEVIN MCNULTY, U.S.D.J.

Dated: October 13, 2015